UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALDON WILSON, ex rel. X.P., a minor, | ) ) ) | |
| Plaintiff, | ) ) | No. 14 C 8837 |
| v. | ) ) ) | Magistrate Judge M. David Weisman |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Maldon Wilson brings this action on behalf of X.P., a minor, pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying X.P.'s application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

### Background

Plaintiff, on behalf of X.P., applied for Supplemental Security Income benefits on May 4, 2011. (R. 61.) The application was initially denied on July 25, 2011, and again after reconsideration on January 12, 2012. (R. 61-62.) Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), which was held on May 14, 2013. (*See* R. 36-60.)

On August 6, 2013, the ALJ denied the application. (R. 19-30.) The ALJ used the three-part, sequential test for determining whether a child is disabled, considering: (1) whether X.P. had performed any substantial gainful activity during the period for which he claims disability; (2) whether he has a severe impairment or combination of impairments; and (3) whether his

impairment meets, medically equals, or functionally equals a listed impairment. (R. 20); *see* 20 C.F.R. § 416.924(b)-(d). In determining whether an impairment functionally equals a listing, the ALJ must consider the child's functioning in six domains: (1) "[a]cquiring and using information"; (2) "[a]ttending and completing tasks"; (3) "[i]nteracting and relating with others"; (4) "[m]oving about and manipulating objects"; (5) "[c]aring for [him]self"; and (6) "[h]ealth and physical well-being." 20 C.F.R. § 416.926a(g)-(l). An impairment or combination of impairments functionally equals a listing if the child has "marked" limitations in two of the domains or an "extreme" limitation in one of the domains. 20 C.F.R. § 416.926a(d). A "marked" limitation is one that is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). A child has a "marked" limitation when his "impairment(s) interferes seriously with [his] ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is the "rating . . . give[n] to the worst limitations," though it does not "necessarily [require] . . . a total lack or loss of ability to function." 20 C.F.R. § 416.926a(e)(3)(i).

At step one, the ALJ found that X.P. had not engaged in substantial gainful activity since the date of his application. (R. 22.) At step two, the ALJ found that X.P. has the severe impairments of "attention deficit hyperactivity disorder and a speech/language disorder." (*Id.*) At step three, the ALJ found that X.P. does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of a listed impairment, and thus is not disabled. (R. 22, 30.) The Appeals Council denied review (R. 1-6), leaving the ALJ's decision as the final decision of the Commissioner. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

The ALJ said that X.P. had a less than marked limitation in the domain of acquiring and using information:

> [X.P.] is in special education for two subjects. The record notes that the claimant chooses not to seek help and not do work rather than an inability to do so. He completed the testing timely, and he was able to remain on task. He was administered the Receptive One-Word Picture Vocabulary Test (ROWPVT) which revealed he had a standard score of 87 and the Expressive One-Word Picture Vocabulary Test (EOWPVT) which revealed a standard score of 82. He was given the Test of Language Development-Intermediate-fourth edition (TOLD-I:4) which showed a listening score of 84, speaking score of 86, and spoken language score of 74. His teacher reports problems in reading and written language with functioning two grades below grade level in reading and one grade below for written language. His teacher indicated that he is impulsive and chooses not to use available resources.

(R. 26) (citations omitted). In reaching this conclusion, plaintiff says, the ALJ failed to address substantial contrary evidence in the record. *See Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) ("An ALJ need not mention every piece of medical evidence in her opinion, but she cannot ignore a line of evidence contrary to her conclusion.").

The Court agrees. The record shows that X.P.'s math teacher, Ms. Small, gave X.P. a rating of 5 (on a scale where 1 means "no problem," 2 means "a slight problem," 3 means "an obvious problem," 4 means "a serious problem," and 5 means "a very serious problem") in four of the ten activities in the acquiring-and-using-information domain: "[u]nderstanding and

participating in class discussions," "[p]roviding organized oral explanations and adequate descriptions," "[e]xpressing ideas in written form," and "[a]pplying problem-solving skills in class discussions." (*See* R. 537.) Moreover, she gave X.P. a rating of 4, meaning he has a "serious problem," in the activity of "[r]eading and comprehending written material," and a rating of 3, meaning he has an "obvious problem," in the remaining activities, and noted that he "[d]oes not appear to be able to express himself clearly in written form or orally." (*Id.*) Similarly, X.P.'s reading teacher, Ms. Munro, gave him a rating of 5 in six of the ten activities -- "[u]nderstanding school and content vocabulary," "[u]nderstanding and participating in class discussions," "[p]roviding organized oral explanations and adequate descriptions," "[e]xpressing ideas in written form," "[r]ecalling and applying previously learned material," and "[a]pplying problem-solving skills in class discussions" -- a four in the remaining activities, and noted that he is "very easily distracted." (R. 545.) The ALJ's failure to address this contrary evidence warrants a remand. *See Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) ("[T]he ALJ . . . must confront the evidence that does not support his conclusion and explain why it was rejected."); *McDonald v. Astrue*, 858 F. Supp. 2d 927, 939 (N.D. Ill. 2012) ("The ALJ's failure to articulate his reasoning, and to discuss or distinguish relevant contrary evidence, warrant remand.").

The same flaw pervades the ALJ's conclusion with respect to the domain of attending and completing tasks:

> The claimant has less than marked limitation in attending and completing tasks. He does not do his homework but does not want help. He is in special education for two subjects. His teacher reports that he has problems focusing and carrying out instructions. However, she said that he understands what he is supposed to do but he chooses not to do it. The claimant does chores at home and uses a computer and play basketball.

(R. 27) (emphasis and citations omitted). Again, the ALJ failed to address the questionnaires completed by X.P.'s math and reading teachers, which show that he has a serious or very serious problem "[p]aying attention when spoken to directly," "[r]efocusing to task when necessary," "[c]arrying out multi-step instructions," "[w]aiting to take turns," "[c]hanging from one activity to another without being disruptive," "[o]rganizing [his] own things or school materials," "[c]ompleting class/homework assignments," and "[w]orking without distracting [him]self or others," and that these problems manifest themselves on a daily or hourly basis. (R. 538, 546.) Further, Ms. Small noted that X.P. "[b]lurts things out [and] sings in class," "[p]ushes in line," "[q]uits when things get challenging," and "[g]ets frustrated easily," and Ms. Munro noted that X.P. is "[v]ery easily distracted." (R. 538, 545.) Because none of this evidence is addressed by the ALJ, the case must be remanded. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) ("An ALJ may not select and discuss only that evidence that favors his ultimate conclusion . . . ."). [1]

**Conclusion**

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [25], reverses the Commissioner's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**  **ENTERED:** November 30, 2016

_____
**M. David Weisman**
**United States Magistrate Judge**

---

[1] Plaintiff also contests the ALJ's conclusions on the other domains and her credibility findings. Because the flawed findings on the first two domains warrant a remand, the Court does not address these arguments.